UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

-v-

CRUZ MANUEL RAMOS a/k/a "GARABATO",

Defendant.

------------------------------------------------------------x

No. 06 Cr. 172 (LTS)



## PRELIMINARY SENTENCING OPINION

Sentencing in the above-captioned matter is scheduled for Wednesday, January 19, 2011. On July 6, 2009, a jury found the Defendant guilty of one count of conspiracy to commit Hobbs Act robberies (Count 1), one count of attempted Hobbs Act robbery (Count 2), one count of the use of a firearm in connection with the Hobbs Act robbery charged in Count 2 (Count 3), and one count of conspiracy to distribute and possess with intent to distribute a controlled substance (Count 12). On April 13, 2010, a jury found the Defendant guilty of two counts of narcotics distribution and possession with intent to distribute (Counts 14 and 15).

The following determinations are the products of the Court's preliminary considerations of disputed issues in light of the Presentence Investigation Report, the records of prior proceedings, and the written submissions, to date, and are subject to modification at the January 19, 2011, sentencing proceeding.

Hobbs Act Conspiracy Objects

The Court finds that the evidence presented at Defendant's 2009 trial proved beyond a reasonable doubt that the Cross Bronx Expressway and Bronx River Parkway robbery, which involved the brandishing of a firearm (Counts 8 and 9) was an object of the conspiracy of

which the jury found Defendant guilty (Count 1). The testimony of Sadin Tineo and Markus Vizaniaris regarding this robbery was credible and convincing. Tineo and Vizaniaris testified to the Defendant's role in planning and subsequent involvement in this robbery (see Trial Tr., 551-60, June 23, 2009; Trial Tr., 997-1004, June 25, 2009.) Therefore, this robbery is appropriately included in a grouping analysis for sentencing purposes with respect to Count 1. See U.S. v. Acosta, 367 F. App'x 259, 260 (2d Cir. 2010); U.S. v. Robles, 562 F.3d 451, 457 (2d Cir. 2009). The Court finds that, while the other incidents of uncharged and acquitted conduct were proven at trial by a preponderance of the evidence, the evidence educed did not prove that these robberies were, beyond a reasonable doubt, objects of the conspiracy. The other uncharged and acquitted robberies will not, therefore, be incorporated into the Court's grouping analysis for sentencing purposes.

Enhancement for Obstruction of Justice

The Court finds that Defendant, in his testimony at the June 8, 2009, suppression hearing in this case, willfully and materially committed perjury. The Court will therefore include the appropriate enhancements for obstruction of justice in its sentencing calculations. See U.S. v. Canova, 412 F.3d 331, 357 (2d Cir. 2005); U.S.S.G. § 3C1.1.

Immediately following the evidentiary presentation at the suppression hearing, the Court found that Defendant's testimony in connection with his suppression motion was not credible (Hr'g Tr., 191-92, June 8, 2009). The Court now further finds that Defendant's false testimony was proffered willfully and that it was material to his attempt to obstruct justice by interfering with the Government's prosecution of the charges in this case. Defendant's testimony was perjurious since it was (a) done intentionally, (b) false, and (c) regarding matters material to prosecution of the case – specifically to whether an incriminating statement should be excluded

from evidence as taken in violation of Defendant's rights under Miranda v. Arizona, 384 U.S. 436 (1966). See Canova, 412 F.3d at 357. The Court finds that Defendant's testimony in connection with his unsuccessful suppression motion was given for the specific purpose of obstructing justice, thus warranting the application of a U.S.S.G. § 3C1.1 sentencing enhancement.[1]

Resulting Sentencing Calculation

The Court has reviewed thoroughly the December 10, 2010, Presentence Investigation Report ("PSR") prepared by the Probation Department. The PSR's sentence calculations presume findings by the Court that, beyond a reasonable doubt, the Defendant conspired to commit the fourteen acquitted or uncharged robberies identified by the Government in the indictment and at trial. A jury convicted the Defendant of attempted commission of one of these robberies (Count 2). As explained above, the Court finds in addition that Count 8 of the S6 Superseding Indictment was proven beyond a reasonable doubt to be an object of the conspiracy charged in Count 1. The Colin Street attempted robbery and the Cross Bronx Expressway/Bronx River Parkway robbery will therefore be taken into account in the applicable grouping analysis under the Sentencing Guidelines with respect to Count 1.

In addition, in light of the Court's determination regarding the propriety of an enhancement for obstruction of justice, a two point enhancement will apply to each group pursuant to U.S.S.G. § 3C1.1.

The Court intends to employ the following revised Guidelines calculations in connection with its sentencing determination pursuant to 18 U.S.C. § 3553(a):

---

[1] Although, as the Government contends, the Defendant has used a false identity, the Court finds that such use was not material to the proceedings such that it supports an enhancement for obstruction of justice. Therefore, the obstruction enhancement rests solely on the Court's determination that Defendant's perjury at the suppression hearing was undertaken with the specific intent to obstruct justice.

- New Group 1 (Counts 1, 2, and 3 – designated as Group 1 in the PSR): Offense level 33 (PSR calculations + 2 point obstruction enhancement).

- New Group 2 (Counts 1, 8, and 9 – designated as Group 4 in the PSR): Offense level 30 (PSR calculations + 2 point obstruction enhancement).

- New Group 3 (Counts 12, 14, and 15 – designated as Group 15 in the PSR): Offense level 38 (34 + 2 point enhancement for firearm + 2 point enhancement for obstruction of justice).

- Under U.S.S.G. § 3D1.4, the resulting 2-unit increase (1 unit for New Group 3 + ½-unit for each of New Group 1 and New Group 2) to the combined offense level, resulting in a <u>total offense level of 40</u>.[2]

With 3 criminal history points (Criminal History Category II), the applicable Guidelines range is 324-405 months of imprisonment. Any imprisonment term imposed for Counts 1 and 2 is to be followed by the mandatory consecutive term of 84 months' imprisonment on Count 3. See Abbott v. United States, 131 S. Ct. 18 (2010). The Court intends to impose a 10-year term of Supervised Release to follow the custodial term. The Court intends to enter the proposed forfeiture order, to which the defense consents, as submitted by the Government.

---

[2] The Court intends to direct the Probation Department to make corresponding corrections to the PSR, specifically: ¶72 - change parenthetical reference to "(Groups 1 and 2)"; ¶74 - change reference from "Group 15" to "Group 3"; ¶82 - reflect 2 point adjustment for obstruction of justice; ¶83 - change adjusted offense level for Group 1 to 33; delete paragraphs 84 to 90 (former Group 2); delete paragraphs 91 to 96 (former Group 3); redesignate Group 4 (¶¶97 to 104, relating to Cross Bronx Expressway and Bronx River Parkway Robbery) as Group 2; ¶102 - reflect 2 point adjustment for obstruction of justice; ¶104 - change adjusted offense level for new Group 2 to 30; delete ¶¶105 to 169 (former Groups 5 to 14); redesignate Group 15 (¶¶170 to 175, relating to Counts 12, 14 and 15 of indictment) as Group 3; ¶174 - reflect 2 point adjustment for obstruction of justice; ¶175 - change adjusted offense level for new Group 3 to 38; ¶176 - change adjusted offense level for Group 1 to 33; delete ¶¶ 177 and 178; ¶179 - redesignate as Group 2 and change adjusted offense level to 30; delete ¶¶ 180 to 189; ¶190 - redesignate as Group 3 change adjusted offense level to 38; ¶191 - change unit total to 2; ¶192 - change greater offense level to 38; ¶ 193 - change increase in offense level to 2.

Other Matters

The parties dispute the inclusion of facts concerning the New Jersey Rest Stop Robbery in the PSR (see PSR ¶38). Defendant argues that it is not properly considered a "robbery" and is therefore outside the scope of Count 1 of the Superseding Indictment. Although the Court will not include this robbery in its Sentencing Guidelines calculation for the reasons outlined above, the Court finds that this incident is properly considered as relevant conduct in the form of action pursuant to a conspiracy to commit robbery. 18 U.S.C. § 1951(b)(1) defines the term "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." The trial testimony regarding this incident indicated that the involved parties targeted an individual for drugs or money thought to be stored in a car that was being towed and that the robbers brought firearms with them to ensure the success of the robbery in the event that the driver of the truck on which the car was loaded noticed the effort to remove cocaine from the car. (See Trial Tr., 1030, June 25, 2009.) While there was no confrontation, the trial evidence demonstrated, by a preponderance of the evidence, that the involved parties did conspire to commit robbery.

The Government is hereby directed to inform the Court and defense counsel, by written submission, if it continues to seek an order changing the caption in this matter in light of its contention that Defendant was prosecuted under a false identity.

Any further written submissions in connection with sentencing in this matter,

including any submissions relating to the denial of the conviction described in the prior felony informations and any arguments concerning matters described in 21 U.S.C. §§ 851(c) or 851(d), must be received no later than **4:00 p.m. on Friday, January 14, 2011**.

SO ORDERED.

Dated: New York, New York
       January 12, 2011

/s/ LAURA TAYLOR SWAIN
United States District Judge