UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,


   -v-                                                                    No.   06 CR 172-LTS

FNU LNU a/k/a CRUZ MANUEL RAMOS,

     Defendant.

--------------------------------------------------------x


ORDER

     The Court has received and reviewed the letter motion from pro se Petitioner Mr.

Cruz Manuel Ramos aka FNU LNU, dated November 30, 2021.  Petitioner was resentenced by

this Court on January 26, 2021, to a total of 240 months of imprisonment and 8 years of

supervised release, in connection with his convictions for Conspiracy to Commit Hobbs Act

Robberies (in violation of 18 U.S.C. section 1951), Attempted Armed Robbery (in violation of

18 U.S.C. section 1951), Conspiracy to Distribute and Possess with Intent to Distribute Cocaine

(in violation of 21 U.S.C. section 836), and two counts of Possession with Intent to Distribute

Heroin (in violation of 21 U.S.C. sections 812, 841(a)(1), and 841(b)(1)(C)).  (Docket entry no.

341.)

     In his letter, Petitioner requests information about the status of his appeal of his

sentence, and also brings to the Court's attention his disagreements and dissatisfaction with the

services of his appointed appellate attorney, Ms. Allegra Glashausser.  Based on the information

available on the Second Circuit's public electronic docket system, it appears that Ms.

Glashausser entered a Notice of Appearance on behalf of Petitioner in the cross-appeal of this

case in the Second Circuit on March 31, 2021.  (See Notice of Appearance, United States v.

Santamaria (LNU), No. 21-498 (2d Cir. Mar. 31, 2021) ("United States v. Santamaria"), ECF no. 16.)  On May 26, 2021, Ms. Glashausser filed a Motion to Stay the appeal until such time that the U.S. Supreme Court issues a decision in United Stated v. Taylor, 20-1459—a case which is expected to be relevant to Petitioner's appeal.  (United States v. Santamaria, ECF no. 17.)  The Motion to Stay was granted by the Second Circuit on June 1, 2021, and there has been no docket activity since that time.  (See id., ECF no. 21.)

Apart from providing this general information, this Court is unable to assist with Petitioner's complaints against his appellate attorney.  Accordingly, the Court will forward a copy of his letter to the Clerk's Office for the Second Circuit (with a notation that this letter is relevant to case number 21-498 before that Court).  Further, as Petitioner's letter discusses confidential communications that occurred during the course of the attorney-client relationship, the original letter will be filed under seal, and a redacted version of the letter will be published on the docket.

Petitioner also moves the Court for a reduction in his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines.  This is the fourth time that Petitioner has sought such relief with the Court.  (See docket entries no. 280, 290, and 309.)  As explained in the Court's previous orders, dated May 16, 2016, January 18, 2017, and May 21, 2019, Petitioner was not eligible for the requested sentence reduction because the sentence which he received was lower than the minimum sentence under the then-applicable Sentencing Guidelines.  (See docket entries no. 281, 291, 310.)  This remains true today—though Petitioner has been resentenced since the time of the Court's last order on this topic, his new sentence of 240 months likewise falls below the new Sentencing Guidelines range that was applicable at the time of his

resentencing (i.e., 262 to 327 months).  (See docket entry no. 344, Resentencing Tr., at 27.)
Petitioner's motion for a reduction in sentence is accordingly denied.

Finally, Petitioner requests an explanation of an Order which this Court issued in
his case on January 21, 2021, regarding Federal Rule of Criminal Procedure 5(f).  (See docket
entry no. 338.)  Rule 5(f) is a relatively new rule that was enacted on October 22, 2020, via a
congressional bill, the Due Process Protections Act.  See Pub. L. No. 116-182, 134 Stat. 894
(2020).  Rule 5(f) requires that, in all criminal proceedings, courts must issue an order to remind
prosecutors of their obligations to disclose materially exculpatory materials to the defense.  See
Fed. R. Crim. P. 5(f); Brady v. Maryland, 373 U.S. 83 (1963).  Such order must be issued "on the
first scheduled court date when both prosecutor and defense counsel are present."  Id.  Here,
because this new rule was not in effect at the time of Petitioner's original criminal proceedings
(which concluded in 2010), the Court was obligated to issue a Rule 5(f) order at the time of his
resentencing proceedings in 2021.  The Rule 5(f) Order was issued because it is required by
law—not because the Court knew of any particular information possessed by the Government.

A copy of this Order will be mailed to Petitioner.

SO ORDERED.

Dated: New York, New York
        December 7, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies to be mailed to:**

Mr. Cruz Manuel Ramos, aka FNU LNU
Register no. 61613-054
Federal Correctional Complex Hazelton
PO Box 5000
Bruceton Mills, WV 26525

Clerk's Office for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 1007