UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                                                      No. 06-CR-172-LTS

FNU LNU, a/k/a CRUZ MANUEL RAMOS,

        Defendant.

-------------------------------------------------------x

ORDER

        Defendant Cruz Manuel Ramos ("Ramos") was convicted in this Court following two separate jury trials in 2009 and 2010, and was originally sentenced on the resulting six counts of conviction on January 19, 2011. (See docket entry no. 253.) In September 2020, the Court granted in part and denied in part Ramos's petition (docket entry nos. 284, 304 (the "Petition")) pursuant to 28 U.S.C. section 2255 ("Section 2255") to vacate, set aside, or correct his original sentence. (See docket entry no. 324.) Specifically, the Court vacated Ramos's conviction under 18 U.S.C. section 924(c), as charged in Count Three of the sixth superseding indictment filed in the case, vacated the sentences imposed in respect of Counts Twelve, Fourteen, and Fifteen of the sixth superseding indictment, and declined to vacate Ramos's sentences imposed in respect of Counts One and Two of the sixth superseding indictment. (See id.) On January 26, 2021, the Court resentenced Ramos on Counts Twelve, Fourteen, and Fifteen. (Docket entry no. 341 (the "Amended Judgment").) Ramos filed a notice of appeal

from the Amended Judgment that same day.[1]  (Docket entry no. 343.)

By mandate issued on September 4, 2024, the United States Court of Appeals for the Second Circuit (the "Second Circuit") remanded the case to this Court pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), in order to allow this Court to clarify:

> (1) whether [this Court] understood and exercised its discretion under 28 U.S.C § 2255 in declining to resentence Ramos on Counts 1 and 2, and the basis on which it did so; or (2) if not, to exercise its discretion in the first instance, including by indicating whether or not it would resentence if [the Second Circuit] entered a vacatur.

(Docket entry no. 361 ("Mandate") at 11-12.)

Because the relevant aspects of this Court's order and the parties' briefing on the Petition primarily focused on Ramos's entitlement to be resentenced on the non-section 924(c) counts in light of the effect of the vacatur of the New Jersey conviction (see docket entry no. 304 at 4-6; docket entry no. 319 at 2-3; docket entry no. 320 at 5-8; docket entry no. 324 at 16-18), rather than the Court's vacatur of the judgment of conviction on Count Three, the Court cannot say with certainty whether its decision not to resentence Ramos de novo on Counts One and Two was the product of full consideration of discretion in that regard.  Moreover, Ramos's conviction on Count Three and its resulting mandatory imprisonment term of sixty months, which was required to run consecutively to any other term of imprisonment imposed (see docket entry no. 324 at 3 (citations omitted)), was not an "insignificant piece of the original sentencing decision" by this Court in formulating Ramos's sentence on Counts One and Two.  See Kaziu v. United States, 108 F.4th 86, 92-93 (2d Cir. 2024).  Accordingly, this Court would exercise its discretion

---

[1] The parties' familiarity with the detailed factual and procedural history of this case is assumed.  The foregoing paragraph briefly summarizes facts relevant to this Order.

under Section 2255 to conduct de novo resentencing on all remaining counts, including Counts One and Two, should the Second Circuit enter a vacatur.

SO ORDERED.

Dated: New York, New York
September 10, 2024

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge